# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| --- | --- |
|  | ) CR 6-388 |
| v. | ) CV 16-1601 |
|  | ) |
| KEVIN CARTER |  |

## OPINION AND ORDER

### SYNOPSIS

In this action, Defendant pleaded guilty to three Counts, of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). On June 30, 2008, he was sentenced to a term of imprisonment of 168 months at each Count, to run concurrently, followed by a term of supervised release.[1] His sentence rested, in part, on a career offender enhancement pursuant to U.S.S.G. § 4B1.1. Defendant filed a pro se Motion pursuant to 28 U.S.C. § 2255, arguing that his enhanced sentence is invalid. This Court appointed counsel, who sought and received leave to amend Defendant's pro se Motion. No amendment was filed, and Defendant's Motion is now ripe for review. Also pending are Defendant's Motion for Bail pending his Section 2255 Petition, and a Motion in Support of 2255 Petition, which supplements the arguments set forth in his supporting brief. For the following reasons, the motions will be denied, and no certificate of appealability shall issue.

### OPINION

I. **APPLICABLE STANDARDS**

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United

---

[1] Judge Lancaster initially presided over this matter. It was transferred to my docket on October 21, 2016.

States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (quoting Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L.Ed.2d 109 (1974)). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x 402, 404 (3d Cir. 2004). In this case, an evidentiary hearing is unnecessary, and the Motion will be disposed of on the record. Further, because the Motion at bar was filed pro se, I have considered Defendant's submissions according to the well-established liberal standard afforded such submissions, despite later-appointed counsel.

## II. DEFENDANT'S MOTION

Defendant's Motion is rather straightforward. He asserts that in light of Mathis v. United States, 136 S. Ct. 2243 (2016), the statutes of prior conviction are divisible and subject to a modified categorical approach, and that his prior drug offenses no longer qualify as § 4B1.1 predicates under that approach.

The Government challenges Defendant's Motion on timeliness grounds. 28 U.S.C. § 2255(f) provides a one-year period to file a motion to vacate that runs from the latest of, inter alia: the date on which the conviction became final, or the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review. Defendant's 2008 conviction became final long before he filed his Motion to Vacate on October 20, 2016. Moreover, Mathis does not represent a newly recognized right made retroactive on collateral

2

review, and does not restart the limitations period. See, e.g., United States v. Taylor, No. 16-6223, 2016 U.S. App. LEXIS 21701 (10th Cir. Dec. 6, 2016); United States v. Maldonado, No. 13-583, 2017 U.S. Dist. LEXIS 104107 (S.D. Tex. Jul. 6, 2017); Bivens v. United States, 2017 U.S. Dist. LEXIS 81284 (S.D. Fla. May 25, 2017); United States v. Villella, 2017 U.S. Dist. LEXIS 64052 (W.D. Pa. Apr. 27, 2017). Defendant has not offered any grounds or exception, other than the appearance of Mathis, that would justify his tardy filing. Nor is Defendant assisted by invoking Johnson v. United States, 135 S. Ct. 2551 (2015). Even if Johnson were to apply to Defendant's career offender sentence, Defendant filed his Motion more than one year after Johnson was decided. Therefore, Defendant's Motion was filed outside of the limitations period established by Section 2255(f).[2]

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

---

[2] Moreover, as the Government points out, Defendant's plea agreement included a waiver of his collateral attack rights. Generally, waivers of the right to collateral attack are valid if entered into knowingly and voluntarily. United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001). Here, Defendant's Motion is devoid of any legitimate challenge to the waiver, and the record evidences no reason to call it into question. He suggests only that at the time of the waiver, he was unaware of Mathis. Although Defendant's Motion is disposed of on timeliness grounds, I note that the waiver would present an additional potential barrier to relief.

3

## CONCLUSION

In sum, Defendant has not demonstrated a fundamental defect of the type contemplated by Section 2255 relief, or a substantial showing of the denial of a constitutional right. His Motions will be denied, and no certificate of appealability shall issue. An appropriate Order follows.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 6-388 |
| v. | ) | CV 16-1601 |
| | ) | |
| KEVIN CARTER | | |

## ORDER

AND NOW, this 13th day of July, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate is DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court